**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMA PULO,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

No. 06-72368

Agency No. A079-391-718

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 2, 2010[**]
Pasadena, California

Before: WALLACE and GRABER, Circuit Judges, and MILLS,[***] Senior District
Judge.

Thoma Pulo, a native and citizen of Albania, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1055–56 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the IJ's finding that, even if credible, Pulo failed to demonstrate that the government was unable or unwilling to protect him from the anonymous assailants who harmed him and his family members. See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir. 2005) (stating that the burden is on the applicant to show that the government is unable or unwilling to control a non-governmental persecutor). Pulo's claim for humanitarian asylum fails because he did not establish past persecution. See 8 C.F.R. § 1208.13(b)(1)(iii). Accordingly, Pulo's asylum claim was properly rejected.

Because Pulo did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the IJ's denial of Pulo's CAT claim because he failed to demonstrate that it is more likely than not he will be tortured if

returned to Albania.  See Arteaga v. Mukasey, 511 F.3d 940, 948–49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**